UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LAURIE SMITH, et al.,<br><br>　　　　　Defendants. | Case No. 3:20-cv-07208-JD<br><br>**ORDER RE TRO AND PRELIMINARY INJUNCTION** |

　　　　Pro se plaintiff Howard Herships asks for a temporary restraining order and preliminary injunction to enjoin defendant, the Appellate Division of the California Superior Court, County of Santa Clara, from holding oral argument on his pending criminal appeal. Dkt. No. 16. Herships also requests a TRO to enjoin William Safford, his court-appointed attorney, from preventing him from raising certain issues at oral argument. *Id.* at 3; Dkt. No. 16-2 at ECF 9. Argument in his appeal is set for November 18, 2022. Dkt. No. 16 at 2.

　　　　A TRO and injunction are denied. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). "Absent extraordinary circumstances, abstention under the *Younger* principle is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal

constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so." *Gadlin v. Diaz*, No. 20-cv-02867-JD, 2021 WL 51707, at *1 (N.D. Cal. Jan. 6, 2021) (citation omitted).

All of the *Younger* criteria are satisfied here. The direct appeal in Herships' criminal case is pending before the Appellate Division. State criminal proceedings involve important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."); *Gadlin*, 2021 WL 51707, at *2. Herships is not barred from litigating any federal constitutional claims in state court. His apparent dissatisfaction with his court-appointed attorney does not justify federal court intervention. *See Williams v. Cnty. of Alameda*, No. 17-cv-04785-JD, 2018 WL 339097, at *2 (N.D. Cal. Jan. 9, 2018). Herships is directly asking that the state-court proceeding be enjoined. His request for a TRO with respect to his attorney also "threatens to interfere with the state criminal proceedings in a manner that *Younger* disapproves by inserting federal court oversight into an ongoing state criminal proceeding." *Gadlin*, 2021 WL 51707, at *2.

Herships suggests that the Appellate Division is "incompetent by reason of bias," *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 713 (9th Cir. 1995), because the judges sit on a court that he accuses of denying him disability accommodations, Dkt. No. 16 at 27-28. Herships offers no more than mere conjecture in support of his bias claim, especially considering that the Santa Clara Superior Court's liability is not at issue in his criminal appeal. His bias claim is rejected.

Consequently, abstention is appropriate here. All requests for a TRO and preliminary injunction, Dkt. No. 16, are denied.

**IT IS SO ORDERED.**

Dated: November 7, 2022

_____
JAMES DONATO
United States District Judge