UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LAURIE SMITH, et al.,<br><br>　　　　　Defendants. | Case No.  3:20-cv-07208-JD<br><br>**ORDER RE IFP APPLICATION AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

　　　Pro se plaintiff Howard Herships filed an amended complaint against defendants the Hon. Drew Takaichi, Judge of the Superior Court of California, County of Santa Clara, in his official capacity, an Americans with Disability Act (ADA) coordinator with the California Superior Court, and the Santa Clara County Public Defender's Office, among other individuals and entities. Dkt. No. 20. He also filed an application to proceed in forma pauperis (IFP). Dkt. Nos. 2, 21. Herships alleges claims for violations of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, as well as claims under 42 U.S.C. § 1983. *See* Dkt. No. 20 ¶¶ 4-150.

　　　IFP requests are evaluated under 28 U.S.C. § 1915, and the first question is whether Herships' financial status excuses payment of the Court's filing fees. *See Davis v. Saul*, No. 20-cv-05805-JD, 2021 WL 121129, at *1 (N.D. Cal. Jan. 13, 2021). The answer here is yes. Herships states that he is unemployed and has a monthly income of only $960. Dkt. No. 2 at 2.

　　　The next question is whether the amended complaint is sufficient to stand, and the answer is no, as the complaint currently stands. The Court may "at any time" dismiss an IFP complaint that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii); *see also Williby v. Zuckerberg*, No. 18-cv-06295-JD, 2018 WL 11249175, at *1 (N.D. Cal. Oct. 22, 2018).

Herships seeks damages against Judge Takaichi in connection with adverse rulings in a criminal matter "in retaliation for seeking accommodations." Dkt. No. 20 ¶ 62. This claim is a non-starter. "A long line of [Supreme Court] precedents acknowledges that, generally, a judge is immune from a suit for money damages." *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)). Judge Takaichi's decision to deny 30 days of custody credits to Herships falls squarely within the purview of judicial acts that are entitled to immunity. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) ("Ruling on a motion is a normal judicial function, as is exercising control over the courtroom while court is in session."); *see also Lund v. Cowan*, 5 F.4th 964, 972 (9th Cir. 2021) (holding that "judicial immunity applies when a judge makes a statement from the bench during an in-court proceeding in a case before the judge").

The complaint is dismissed with leave to amend. Herships may file a renewed IFP application, and an amended complaint consistent with this order by **April 21, 2023**. If Herships wishes to pursue any damages claims against Judge Takaishi, it must be clear from his complaint that judicial acts are not the basis for those claims. *See Lund*, 5 F.4th at 971 ("Judicial immunity only applies to judicial acts, and not to 'the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform.'") (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)). Failure to amend by that date will result in dismissal of this case without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 20, 2023

JAMES DONATO
United States District Judge