Howard Herships
P.O. Box 1501
Carmichael, Ca 95677
415 933 5190
Email: hherships@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Howard Herships,

              Plaintiff,

   v.

The State of California Superior Court,
The Santa Clara County District
Attorney's Office, and Santa Clara
County, The Santa Clara Public
Defender's Office

           Defendants.

CASE No. 20 CV-07208 JD

FOURTH AMENDED COMPLAINT
TITLE II OF THE ADA, § 504 OF
REHABILITATION ACT OF 1973,
VIOLATIONS OF TITLE 42 U.S.C.
SECTIONS 12203 (a) & (b) FOR
REQUESTING ACCOMMODATIONS
WHICH THE POLICY, PRACTICES
AND CUSTOM VIOLATED
PLAINTIFF'S FEDERALLY
PROTECTED BY DENYING
LEGAL REPRESENTATION
THROUGHOUT THE CRIMINAL
CASE AND ON APPEAL,
DEFENDANT SUPERIOR COURT
KNOWINGLY PERMITTED THE
UNAUTHORIZED PRACTICE OF
ON APPEAL DONE TO INTERFERE
WITH PLAINTIFF'S PROTECTIVE
ACTIVITIES TO SEEK
ACCOMMODATIONS
**DEFENDANT'S CONDUCT
INVOLVES RECKLESS OR
CALLOUS INDIFFERENCE TO
PLAINTIFF'S FEDERALLY
PROTECTED RIGHTS WHICH
WAS MOTIVATED BY EVIL
MOTIVE BY DEFENDANTS'
MENS REA WITH A
DISCRIMINATORY AMINUS
AGAINST A DISABLED
CRIMINAL DEFENDANT**

1

PRELIMINARY STATEMENT

1. This action is an action for damages, declaratory relief, and equitable relief, including compensatory damages, punitive damages and attorney fees and costs to redress violations of Title II of the Americans with Disability Act (hereafter "ADA"). 42 U.S.C. 12101 et seq, and violations of federal statutory rights pursuant to 42 U.S.C. § 1983, pursuant to section 504 OF the Rehabilitation Act of 1973, as amended, 29 U.S.C. Subsection 701 35 seq. (hereafter the "Rehabilitation Act"). Plaintiff also pleads Eight Amendment violations of deliberate indifference to Plaintiff's health and safety and did so in violation of Federal Consent Decree for failure to treat Plaintiff's medical condition Defendant County of Santa Clara knew the condition would result and acted still acted in culpable state of mind.

JURISDICTION

2. This Court subject matter jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. sections 1331, 1332 and 1343 Civil Rights jurisdiction and under 42 USC Sections 12131-12134.

PARTIES

3. Plaintiff Howard Herships (hereafter Plaintiff") is a citizen of the United States of America. At all times relevant, Plaintiff was a resident of the State of California. Plaintiff is a qualified individual with a disability in that Plaintiff has a hearing impairment which requires Plaintiff custom programmed hearing aids to be able to communicate, which is plaintiff's only method of communication.

4. Defendant State of California administers the California Superior Court system and operates the Santa Clara County Superior Court for court appearances for individuals charged

with crimes.

5. Defendant State of California was at all times relevant under a Settlement Agreement with the United States of America which required the Santa Clara County Superior Court "**[T]he Court will develop a written policy for the provision of auxiliary aids or services when necessary to ensure effective communication in the Court system's programs, services and activities.**"

6. The Santa Clara County Public Defender's Office is a public entity was created to provide legal representation to comply with a criminal defendant's rights to legal representation in the Santa Clara County Superior Court in criminal cases under appointment by the Court and which requires under California Rules of Professional Conduct, Rule 1.4 for the attorney to be able to communicate with the client to represent the client.

7. The Santa Clara County Public Defender's Office was required to comply with the Federal Regulations implemented by Department of Justice to ensured effective communication with disabled parties mandated by 42 U.S.C. § 12134 and 28 CFR Part 35 ensuring the ability to communicate with hearing impaired clients within the meaning of California Rules of Professional Conduct, Rule 1.4 (a) (2).

8. The Santa Clara County District Attorney's Office is a public entity which is required to comply with the Federal Regulations implemented by the Department of Justice to ensure implication of the Americans with Disability Act and the Rehabilitation Act which Congress authorized the DOJ to be put in placed pursuant to 42 U.S.C. § 12134 which is codified under 28 CFR Part 35.

9. Santa County operates the County Jail system through the Santa Clara County Sheriff's Department a public entity of Santa Clara County and was under a Consent Decree from this

3

Court in Chavez v Santa Clara County to implement both the ADA and provide treatment for Plaintiff's medical condition which failed to do.

## GENERAL FACTUAL ALLEGATIONS

10. At all times material, Defendant Santa Clara County Jail policy and procedures was to deny inmates being booked into the County jail to take away their hearing aids and book their hearing aids into the prisoner's property. The County Jail has no procedures in place for hearing impaired inmates to obtain any ways to notify the ADA Coordinator of upcoming court appearances nor does the County Jail system notify the Court that the inmate has a disability.

11. Defendant Santa Clara County Jail at all times was under a federal consent decree in Chavez v. Santa Clara County of this very Court to implement procedures for hearing impaired inmates to be able to contact the County Jail's ADA Coordinator/ personnel to obtain assistance.

12. The Consent Decree was approved by this Court on March 20, 2019, which required the Defendant Santa Clara County to implement these procedures within 180 days of that date.

13. Defendant Santa Clara County never implemented any of these procedures through October 2021, as admitted in the Santa Clara County Counsel's report to the Board of Supervisors entitled "Public Report County's Compliance with The Jail Remedial Plans" dated Nov. 2, 2021.

14. Plaintiff was booked into the Santa Clara County Jail on January 8, 2020, and the County Jail booked into Plaintiff's personal property hearing aids and there were no procedures to contact any personnel to obtain the use of the Plaintiff's hearing aids for the court process.

15. Plaintiff made a court appearance on January 17, 2020, in Department 42 and requested accommodations from courtroom personnel and only accommodations provided was the Court's amplification audio system and which was not functioning properly as I was still

4

unable to hear all communications nor was I able to privately communicate with court appointed legal counsel.

16. Defendant Superior Court of California County of Santa Clara was required under the "Settlement Agreement" with the Department of Justice, hereafter DOJ, to implement a written policy to ensure effective communication for hearing impaired parties appearing in Defendant Superior Court in **"the Court system's programs, activities and services".**

17. Defendant Superior Court of California at no time ever implemented any written policy to ensure effective communication with the services of the Santa Clara County Public Defender's Office which was required under mandated rights of legal representation in a criminal case under United States Supreme Court established law.

18. Plaintiff made an appearance on Jan. 17, 2020, in Defendant Superior Court and Plaintiff requested accommodations for Plaintiff's hearing impairment and the only accommodations provided was the use of the Court's amplification system.

19. The Defendant Court acknowledged that Plaintiff requested accommodation which required under both Ninth Circuit controlling law (Duvall v. County of Kitsap 260 F.3d 1124 (9th Cir 2001) and Federal Regulations 28 CFR § 35.160 (b) (2) that the Court was required to make an inquiry into Plaintiff's disability to ensure that a hearing-impaired defendant could partake in the Court process.

20. Defendant Superior Court on Jan. 17, 2020, proceeded to appoint the Public Defenders Office and with no ability for plaintiff to communicate with Court appointed legal counsel sentence Plaintiff to sixth months in the county jail in direct violation of the United States Supreme Court rule **"no attorney no jail"**

21. The Defendant State of California Superior Court for Santa Clara County and Defendant Santa Clara County Public Defender's Office never implemented ADA regulations which requires that the public entities provide effective communications to parties that are hearing-impaired pursuant to 28 CFR § 35.160.(a) (1) as providing a head set to listen to the

5

Court's amplification system does not provide any means of effective communication to court appointed legal counsel a federal constitutional right.

22. Plaintiff throughout the entire Defendant Court process here was denied legal representation as defendant Public Defender's Office never implemented any of the ADA regulations which were authorized by Congress pursuant to 42 U.S.C. § 12134 requiring DOJ to put in place specification to ensure effective communication for parties who are hearing impaired which required the Public Defender's Office do a "Self -evaluation" of just how the Public Defender's Office was going provide for effective legal representation of a hearing=impaired defendant pursuant to 28 CFR § 35.105 (c) (1) (2) (3).

23. Defendant Santa Clara County Public defender's Office in further violations of ADA Federal Regulations the Department never created a staff position required by 28 CFR § 35.107 for an ADA Coordinator which the DOJ required to ensure that a hearing impaired defendant would not be denied these very rights that occurred here a total lack of communication with legal counsel.

24. Defendant County of Santa Clara Public Defender's Office in further violations of the ADA regulations here never implemented a TTY phone system for the Public Defender's Officer to ensure the ability for hearing impaired defendants to communicate with legal counsel in real time required by 28 CFR § 35.161 et. Seq.

25. Defendant County of Santa Clara Public Defender's Office never implemented any of these Federal Regulations put in place by the DOJ which denied Plaintiff legal representation in a criminal case.

26. Plaintiff after being sentenced on January 17, 2020, to six months in the Court jail and done without any means of being able to communicate with court appointed legal counsel filed a writ of Mandate requesting Plaintiff release do to the denial of accommodations for Plaintiff's hearing impairment into the Sixth Appellate District In Pro Per filed by the Sixth Appellate District on January 29, 2020.

6

27. The Sixth Appellate District on Feb. 7. 2020, requested the both the Santa Clara County Public Defender's Office and the Santa Clara County District Attorney's Office respond by Feb. 21, 2020, to Plaintiff verified complaint with points and authorities.

28. Defendant Santa Clara County Public Defender's Office response to the filing of the Writ was that the Public Defender's Office unilaterally withdraw from all further representation of Plaintiff in the criminal case including that Plaintiff would have to file his own notice of appeal.

29. Defendant Public Defender's Office acts of unilaterally withdrawing effectively abandoned Plaintiff leaving a hearing-impaired defendant unrepresented in a criminal and done in retaliation for seeking accommodations in a writ of mandated in the Sixth Appellate District for accommodations a protective activity under 42 U.S.C. sections 12203 (a) (b) and (c).

30. Defendant Santa Clara County District Attorney's Office violated 42 U.S.C. sections 12203 (a) and (b) by interfered with Plaintiff's seeking accommodations in the Sixth Appellate District for legal representation a protective activity when Defendant District Attorney's Office refused to serve Plaintiff their request for extension of time to respond and done to run out the clock to ensure that Plaintiff would not get any relief from the illegal conduct of the Santa Clara County entities.

31. Defendant Santa Clara County public entity District Attorney's Office filed their opposition to Plaintiff's Writ of Mandate on April 21, 2020, after Plaintiff had been released and falsely asserted that Defendant trial Court provide accommodations by providing the Court's Amplification System" as a means of effective communication with legal counsel and that Plaintiff has been release and therefore the ADA violations were now "Moot".

32. Defendant Santa Clara County public entity District Attorney's Office in further violations of 42 U.S.C. sections 12230 (a) (b) & (c) interfered with and obstructive Plaintiff rights to seek accommodations.

33. Defendants Santa Clara County Public entities the District Attorney's Office refused

7

to serve Plaintiff the District Attorney's Office opposition permitting Plaintiff to contest the erroneousness of the Controlling law and violations of the ADA regulations denied Plaintiff access to Court which the Sixth Appellate District provide Plaintiff 15 days to file opposition to Santa Clara County District Attorney's Office moving papers.

34. Defendant District Attorney's Office acts of denying Plaintiff an opportunity to response opposition violated 42 U.S.C. § 12203 (a) (b) (c) which states a cause of action under 42 U.S.C. sections 12133 which provides for enforce and rights in section 794 a of Title 29 and constitutes discrimination under 42 U.S.C. section 12132 for damages under section 504 of Title 29 U.S.C.

35. Plaintiff then filed a request for pursuant to 28 CFR § 35.173 seeking voluntary compliance for a means to communicate with court appointed legal counsel on Feb. 10, 2020 with the Defendant State of California Superior Court and the ADA Coordinator just chose to just ignore said request, which seeking accommodations to be able to have a motion heard for Plaintiff's 30 days of custody credited served in this very case with legal representation required by clearly established United States Supreme Court Law.

36. Defendant State of California Superior Court totally ignore Plaintiff's request for Voluntary Compliance under 28 § 35.173 and in fact the only way that Plaintiff received a denial was by sending an Email to the ADA Coordinator requesting a response on April 8, 2020, which further proves interference with Plaintiff's means of seeking Accommodations a protective activity under 42 U.S.C. sections 12203 (a), which discriminated against Plaintiff's disability under 42 U.S.C. sections 12133 which provides for enforce and rights in section 794 a of Title 29 and constitutes discrimination under 42 U.S.C. section 12132 for damages under section 504 of Title 29 U.S.C.

37. Plaintiff then having no legal representation in a criminal case and no means of being able to communicate with the Public Defender's because of their failure to implement any of the Federal Regulations filed a Pro Se motion requesting a hearing for custody credits already served

in this case on Feb. 26, 2020.

38. Defendant State of California Superior Court on March 3, 2020, took adverse action against Plaintiff's Pro Per Motion by issuance of a "Ex Parte Order" which was a pretextual order denying custody credits which was done to punish Plaintiff for seeking accommodations in both the Sixth Appellate District and in the Superior Court.

39. Plaintiff then made a court appearance on March 6, 2020, and for the very first time was able to inform Defendant Court that Plaintiff was hearing impaired because Defendant Santa Clara County Sheriff's Department finally released Plaintiff hearing aids after a lengthy grievance process but because the Defendant County Jail would not allow Plaintiff to obtain hearing supplies to fix Plaintiff's hearing aids.[1]

40. The Court on March 6, 2020, then reappointed the Public Defender's Office and ordered the Public Defender's Office to obtain the Court record on the denial of Accommodations and set the matter over until March 13, 2020, to obtain records and communicate with Plaintiff.

41. The Defendant Santa Clara County Public Defender's Office made a court appearance on in Defendant Superior Court on March 13, 2020, in which the Public Defender's Office never communicate with Plaintiff and had never ever spoke to Plaintiff and never obtained the court records to obtain Plaintiff's release based upon illegal denial of Plaintiff's 30 days of custody credits.

42. Defendants Superior Court of California County of Santa Clara and Defendant Santa Clara County Public Defender's Office violations of the Settlement Agreement and failure to have a written policy to ensure effective communication in the Court system's programs, services and activities required the Defendant Court to require the Santa Clara County Public Defender's Office to ensure effective communication with hearing impaired clients which was never implemented.

---

[1] The County of Santa Clara at all times refuses to provide access to both domes and wax guards so the hearings could properly be uses and maintained and function properly.

Plaintiff's Fourth Amended Complaint

43. Defendant having no legal representation filed a notice of appeal and designation of the record on appeal attempting to contest the serious violations of the ADA/Rehabilitation Act.

44. Defendant Santa Clara County by the Public Entity Office of IDO assigned William Safford to represent Plaintiff in this appeal of right when at all time William Safford listed an Illinois address with the County entity IDO asserting that Mr. Safford was practicing law from Mr. Safford's Illinois residency all done without being licensed to practice law in Illinois in violation of 705 ILSC 205.

45. Mr. Safford also proceeded to list Mr. Safford's Illinois address with the Defendant Superior Court showing a continuous practice of law from the State of Illinois all done without being licensed in the State of Illinois in violations of Rule 5.5 (a) (1) (2) which prohibits the very conduct of Mr. Safford.

46. Defendant Santa Clara County entity IDO and the Santa Clara County Superior Court failure to appoint a qualified licensed attorney to represent Plaintiff in the criminal appeal was done to interfere with and prevent Plaintiff's ability to contest the denial of accommodations by defendants in violation of 42 U.S.C. sections 12203 (a) (b) and (c) as Plaintiff had no means to be interview as Mr. Safford resided some 1,800 miles away.

47. Plaintiff over the period between March 27, 2020, until Feb. 14, 2023, Plaintiff has only had one phone call with Mr. William Safford that was done because my partner had sent an Email from my Email address objecting to Mr. Safford's representation which Mr. Safford accused her of practicing law without a license.[2]

48. Defendants County Entity IDO and the California Superior Court acts denied Plaintiff a hearing-impaired defendant his rights to legal representation on an appeal of right were done in a calculated measure to ensure that Plaintiff would not be able to advance any claim of denial of accommodations and showing that Plaintiff was held some 30 days beyond even Plaintiff's

---

[2] Ironically it was Mr. William Safford who at all times was holding himself out as practicing law from the State of Illinois and was not licensed to practice law from the State of Illinois under 705 ILSC 20, Attorney Act.

Plaintiff's Fourth Amended Complaint

release date which William Safford never address on appeal.[3]

49.  Defendants both the County Superior Court and the County of Santa Clara always knew that William Safford listed his physically present in the State of Illinois as practicing law from Illinois all done without being licensed in violation of Illinois Law 705 ILCS 205 (Attorney Act).

50. Defendants County of Santa Clara and the Defendant Superior Court County of Santa Clara acts of permitting and allowing William Safford the unauthorized practice of law which was done to block and interfere with Plaintiff's ability to litigate Plaintiff's rights to accommodations for Plaintiff's a protective activity under 42 U.S.C. sections 12203 (a) (b) and (c) preventing my obtaining review of the denial of accommodations.

51. William Safford residing in Illinois is not otherwise entitled to practice law in Illinois which therefore prohibits William Safford from representation in this appeal under Business & Professions Code § 6125 et seq. and § 6126 from practicing law in California.

52. Plaintiff having no ability to effectively communicate and discuss the issues on an appeal of right with William Safford to raise the denial of accommodations by the Defendant Superior Court who was already under a "Settlement Agreement" with the DOJ to comply with the ADA Plaintiff file a Pro Se Motion to disqualify the Appellate Panel under the United States Supreme Court decision in In Re Murchison case that a "Judge cannot rule on their own case."

53. The Appellate Panel struck Plaintiff Pro Se Monition asserting that Plaintiff is represented by William Safford from Mr. Safford's Illinois when in fact Mr. Safford was never authorized to practice law from Illinois as it violated California Rules of Professional Conduct Rule 5.5 (a) 91) (2).

54. Defendant State Superior Court and the County of Santa Clara by permitting William Safford to practice law from state of Illinois in which Mr. Safford was not licensed denied

---

[3] In fact, that as further documentation of this fact the Appellate Panel of the Superior Court even noted that "Neither party raised any concern that Herships was not properly released at the conclusion of that sentence", see Appellant Panel's Decision page 5 lines 25-26.

Plaintiff any all ability to obtain an appeal from wrongful conduct under the ADA/Rehabilitation Act and Plaintiff's protective activities, which defendants Superior Court sought to block and prevent any decision on the merits of the denial of accommodations, which defendants policy, practices and custom was to systematically prevent any and all accommodations to disabled parties.

55. Plaintiff suffered damages as direct result of the denial of discrimination to a disabled qualified Plaintiff who never had any legal representation at all stages of a criminal case and on appeal under 42 U.S.C § 12133.

FIRST CLAIM FOR RELIEF
Americans With Disabilities Act-Title 42 U.S.C. § 12131 et.seq.
Against State of California Superior Court County of Santa Clara
And the Santa Clara County Public Defender's Office

56. Plaintiff re-alleges all relevant prior paragraphs.

57. At all times, Defendant State of California and the Santa Clara County Public Defender's Office were and are each a public entity for the purpose of and subject to, the Americans with Disability Act (ADA).

58. Plaintiff has a physical impairment that substantially limits one or more of Plaintiff's major life activities. Plaintiff is hearing impaired and has been since 2013. Plaintiff is a qualified individual with a disability under the ADA.

59. Defendants State of California and County of Santa Clara were aware of Plaintiff's physical disabilities, namely Plaintiff was hearing impaired and need hearing aids to be able to communicate with legal counsel and by denying accommodations denied Plaintiff legal representation in a criminal case throughout the entire case from trial court through an appeal of rights as William Safford was never authorized to practice law from the State of Illinois.

60. Plaintiff on January 17, 2020, requested accommodations from courtroom personnel

and the only accommodations provide was the "Court's Amplification Audio System" with no

means to communicate to court appointed legal counsel in a confidential mode, moreover the

Court's Amplification System was not working as most of the commutations was not audible as

the Reports Transcript list passages as not audible.

61. Defendant State of California at all times were aware of the requirements of the ADA

as the Santa Clara County Superior Court was under a Settlement with United States of America

which required the Court to **"develop a written policy for provision of auxiliary aids or**

**services when necessary to ensure effective communication in the Court system's programs**

**services and activities".** The State of California Superior Court system's programs never

complied with the settlement agreement which denied Plaintiff's federally protected rights to

legal representation in a criminal case.

62. Defendant Santa Clara County Public Defender's Office policy, practices and custom

never implemented any of the Federal Regulations under 28 CFR § 35.105 (c) 1, 2 3, which

require the Department to do a "Self-evaluation" of just how the Department were going to

effectively communicate with hearing impaired clients upon appointment within the meaning of

California Rules of Professional Conduct, Rule 1.4 (a) (2) i.e. the ability to communicate with a

client.

63. Defendant Santa Clara County Public Defender's Office never had any capability of

implementing any communications with Plaintiff a qualified hearing impaired defendant because

both Defendant State Superior Court and Defendant Public Defender's Office never implement

the Federal Regulations for the position of an ADA Coordinator required by 28 CFR § 35.107;

the Department never could comply with 28 CFR § 35.160 (a) (2) for communication with

Plaintiff who was a qualified hearing impaired defendant; 28 CFR § 35.161 et seq. which

required a TTY Phone system in real time for hearing impaired clients to the Public Defender.

64. Defendant State Superior Court and Santa Clara County Public Defender's Office discriminated against Plaintiff by denying legal representation in a criminal case throughout the complete process as Public Defender's Office withdrew from legal representation by letter sent to Plaintiff in custody and was never to be represented again in this criminal case.

65. Congress authorized the Department of Justice to implement Federal Regulations to regulated and ensure effective communications for hearing impaired parties under 42 U.S.C. § 12134, which the Department of Justice implemented 28 CFR Part 35 which codified these requirements and the Santa Clara County Public defenders decided to ignore those requirements which denied legal representation in a criminal case in violation of United States Supreme Court mandates.

66. Defendant Santa Clara Public Defender's Office took adverse action by abandoning Plaintiff in a criminal case in retaliation in violation for seeking accommodations which is a protective activity under Title 42 U.S.C. sections 12203 (a) and (b) which violates 42 U.S.C. sections 12133 and 12132 and 29 U.S.C. sections 504 and 794 a as Defendant Santa Clara County Public Defender's Office excluded Plaintiff a qualified individual with a disability was excluded from participation in legal representation in a criminal case.

67. Plaintiff then having no legal representation in the criminal case on Feb. 26, 2020, filed into the Defendant State Superior Court a Notice of Motion for Plaintiff's Custody Credits of 30 days served in this very case some 11 years prior requesting a hearing which was required by clearly established United States Supreme Court Law as well as California Supreme Court Law.

68. Respondent State Superior Court then took adverse action by denying the request for 30 days of custody credits via an "Ex Parte Order" on March 3, 2020, which was pretextual as the Defendant Trial Court was required to hold a hearing with legal representation under established United States Supreme Court holding that custody Credits contain a "Liberty

Interest" "as well as California Supreme Court decision holding that Custody Credits under California law the Superior Court has no discretion to deny said credits.

69. Defendant State Superior Court's acts that imposed an additional 30 days of incarceration violated Title 29 U.S.C. section 504 and 794 a as well as Title 42 U.S.C. sections 12132, 12133 all done to further discriminate by excluding Plaintiff from participation in Court proceedings and which were pretextual and done to impose a penalty for seeking accommodations ma protective activity.

70. Plaintiff made a Court appearance in Defendant State Superior Court on March 6, 2020, and for the first time Plaintiff had obtained the release of Plaintiff's hearing aids by an appeal of the grievance however, because Defendant County of Santa Clara County refused to allow Plaintiff obtain domes and wax guards from the VA so Plaintiff's hearing aids could function properly Plaintiff's hearing aids did not function properly.

71. Plaintiff informed the Judge Brown that Plaintiff was denied accommodations for Plaintiff's hearing impairment by the Defendant State Court and the Court appointed the "PD" to Investigate and obtain the Court Records and continued the case until March 13, 2020.

72. Defendant Santa Clara County Public Defender's Office never investigated or ever communicated with Plaintiff and simply continued Defendant County of Santa Clara County Public Defender's Office of their policy, practices, and custom refusal to implement the ADA Federal Regulations to implement effective communication with hearing-impaired defendants.

73. Plaintiff is entitled to compensatory damages for emotional plan, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses in an amount proven at trial. Plaintiff should also be entitled to award of his economic loss.

74. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment; Plaintiff is entitled to an award of prejudgment interest at the legal right from date the damages occurred until the date of judgment.

75. Pursuant to 42 U.S.C. section 1988 Plaintiff is entitled to an award of attorney's fees,

15

expert witness fees and costs incurred.

76. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from date of judgment until date paid.

THIRD CLAIM FOR RELIEF
SECTION 504 OF THE REHABILITATION ACT OF 1973
AGAINST DEFENDANTS' COUNTY OF SANTA CLARA,
THE SANTA CLARA PUBLIC DEFENDER'S OFFICE,
STATE OF CALIFORNIA SUPERIOR COURT AND THE SANTA CLARA COUNTY
SUPERIOR COURT APPELLATE DIVISION

77. Plaintiff re-alleges all relevant prior paragraphs.

78. Second 504 of the Rehabilitation Act of 1973, U.S.C. Section 994, prohibits discrimination against people with disabilities by recipients of federal funding, provisions "no otherwise qualified handicapped individual …shall, solely by reason of her or his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance."

79. Plaintiff is hearing-impaired, and accordingly, is a qualified individual with a disability or handicap under the ADA.

80. Plaintiff has a physical impairment that substantially limits one or more major life activities including hearing and communicating; Plaintiff has a record of such impairment; and Defendant Santa Clara County where withholding Plaintiff hearing aids knew of such impairment and continued in their untoward ways.

81. Plaintiff requested accommodations on January 17, 2020, and Defendant Superior Court denied effective communication and proceeded to intentionally discriminate against Plaintiff denying Plaintiff legal representation in criminal case in knowing violations of Plaintiff's federally protected rights.

82. Defendant State Superior Court of Santa Clara County was already was on record of

16

requirements to develop a written procedures to ensure effective communications in the Court system's programs, services and activities of which is to ensure the ability of hearing impaired defendants have the ability to communicate with the appointed public defender by the United States of America to implement Title 42 U.S.C. sections 1231-12314 of the Americans with Disability Act and at all times refused to comply.

83. Defendant State Superior Court had a duty to ensure that the Defendant Santa Clara County Public Defender's Office had to provide means of communications with hearing impaired defendants which the policy, practices and custom was to never implement any of the Federal Regulations implemented to ensure the ability to communicate.

84. Defendant State Superior Court acts of refusing respond to Plaintiff's request for Voluntary Compliance pursuant 28 CFR § 35.173 submitted on Feb. 10, 2020, and the Defendant Superior Court's adverse acts of denying Plaintiff's Request for a Hearing for Plaintiff's 30 days of custody credits by an "Ex Parte Order" was done knowingly by Defendant Superior Court which was a pretextual denial as its contrary to law and done to punish Plaintiff by imposing an additional 30 days of incarceration by extending Plaintiff's sentence in violation Federal Law.

85. Defendant State Superior Court and acts of the Santa Clara County Public Defender's Office further confirmed their intent to discriminate against Plaintiff a hearing-impaired defendant when Plaintiff made a Court appearance on March 6, 2020, and informed the Court of the denial of accommodations and Judge Brown reappointed the "PD" to investigate and obtain the court record and continued the case until March 13, 2020.[4]

86. Defendant Santa Clara County Public Defender's Office never contacted Plaintiff for the March 13, 2020, Court appearance nor obtained court records and just continued in defendant

---

[4] Petitioner finally obtained a release of Petitioner's hearing aids by submitting a grievance to the Sheriff's Dept but because Plaintiff's hearing aids needed to be recharged every night the batteries had totally discharged and were operating on default mode and needed to be reprogrammed for Plaintiff's hearing impairment.

Plaintiff's Fourth Amended Complaint

Santa Clara County Public Defender's Office untoward ways in violation of California Rules of Professional Conduct Rule 1.4 and never communicated with Plaintiff.

87. Defendant Santa Clara County Entity (IDO) appointed William Safford as Plaintiff's attorney of record on the Appeal in case No. 20-AP-02650 knowing that William Safford resides in the State of Illinois and practice laws from the State of Illinois which constitutes multiple jurisdiction practice of law as William Safford was not licensed in Illinois to practice law 705 ILCS 205, Attorney Act.

88. Defendant Santa Clara County knew at all times that Mr. Safford continuously resided in the State of Illinois and was not licensed to practice law was unauthorized to practice law pursuant to Rule 5.5 (a) (1) (2) under the California Rules of Professional Conduct from the State of Illinois in any California Court.

89. Defendants Santa Clara County Entity and the California Superior Court County of Santa Clara County Superior Court permitted Mr. William Safford law in California which was done to interfere and block Plaintiff from obtaining accommodations ruling as Mr. Safford by residing in Illinois had no ability to personally interview Plaintiff and evaluate Plaintiff's disability and raises those issues on appeal.

90. Defendants Superior Court of California County of Santa Clara and the Santa Clara County by appointment of William Safford was done in retaliations and to prevent any adjudication of the systematic denials of accommodations by both the County of Santa Clara and the Superior Court which was done with a discriminatory animus by refusal to provide legal representation in a criminal case and done in violation of 42 U.S.C. sections 12203 (a) , (b) and (c).

91. Defendant Santa Clara County District Attorney's Office even concedes the issue in

their opposition filed into the Sixth Appellate District asserting that the time from appointment to sentencing took all of "ten minutes" and done with no ability to communicate with a hearing impaired defendant therefore denying legal representation in a criminal case.

92. Defendant State Superior Court failures to provide accommodations to a hearing-impaired defendant denied Plaintiff any all ability to communicate with court appointed legal counsel, moreover Defendant Santa Clara County Public Defender's Office failure to comply with 28 CFR § 35.105 (c) 1, 2, 3 in doing a "Self-evaluation" of how the department was going to comply with 28 CFR § 35. 160 (a) (1) and provide the ability for court appointed legal counsel to communicate denied Plaintiff's federally protected rights to legal representation.

93. Defendant Santa Clara County Public Defender's Office had a professional responsibility under Rule 1.4 (a) (2) of California Rules Professional Conduct to ensure that attorneys must communicate with their client, however the policy, practices and custom of the Santa Clara County Public Defender's Office never complied implementation of Federal Regulations to ensure effective communication for hearing-impaired defendants imposed by the DOJ under 42 U.S.C § 12134 and 28 CFR Part 35 and chose to ignore these requirements.

94. These acts of denial of legal representation continued even on appeal of right as the Appellate Panel struck Plaintiff Pro Se Motion to disqualify the Appellate Panel to hear an appeal when the issue required the Court to rule on the Court's own violations of a settlement agreement with the DOJ and then permitted an appeal in which the William Safford used of an Illinois with the County and Courts while not being licensed in the State of Illinois.

95. Defendant California Superior Court and Santa Clara County knowingly appointed a member of the State Bar of California who was practicing law from the State of Illinois without being licensed to do so in violation of 705 ILSC 205 (Attorney Act) in violation of California

Rules of Professional Conduct 5.5 (a) (1) (2) and did so knowingly done to interfere with and block any and all ability to have any ability to advance Plaintiff rights to accommodations.

96.  These acts of Defendants State Superior Court and the Appellate Division and the Santa Clara County Public Defender's Office proves a **mens rea of "intentional discrimination" and done with a "deliberate indifference" showing of actual "discriminator animus" with knowledge that a harm to Plaintiff's federally protected rights would likely to occur in this case all done to prevent legal representation in this criminal case at both the trial court level and on appeal.**

**97. Plaintiff sustained emotional distress and damages due to Defendant State, Defendant County violations of the Rehabilitation Act.**

98. Pursuant to Section 505 of the Rehabilitation Act, Plaintiff is entitled to compensation for his damages and an award of attorney fees and costs.

FOURTH CAUSE OF ACTION
AGAINST DEFENDANTS STATE SUPERIOR COURT
SANTA CLARA COUNTY PUBLIC DEFENDER'S OFFICE
SANTA CLARA COUNTY DISTRICT ATTORNEY'S OFFICE
PURSUANT TO TITLE 42 U.S.C. SECTIONS 12203 (a) AND (b) AND
42 U.S.C. § § 12132 AND 12132 OF 29 U.S.C. §§ 504 & 794

99. Plaintiff re-alleges all relevant paragraphs.

100. Defendants State Superior Court in violation of 42 U.S.C. section 12203 (a) and (b) took adverse action against Plaintiff for seeking accommodations for Plaintiff's hearing impairment seeking the ability to communicate with legal counsel via a request to obtain voluntary compliance pursuant to 28 CFR § 35.173 for Plaintiff's disability which Defendant State Superior which is a protective activity which Defendant State Superior Court took adverse action.

101. Plaintiff then filed a Motion In Pro Se setting a hearing for 30 days of custody credits served in this very case which Defendant State Superior Court took adverse action by "Ex Parte Order" denying said credits when those credits under California Penal Code 2900.5 fully vests to Plaintiff.

102. Defendant State Superior Court above acts to deny those custody credits were done to in retaliation for seeking accommodations and cause Plaintiff to serve some 30 days in custody in all done to knowingly violate Plaintiff's federally guaranteed rights to legal representation to disabled hearing impaired defendant by excluding Plaintiff from both a hearing and legal representation which was required by clearly established United States Supreme Court law, i.e. the rights to legal representation in a criminal case and for a hearing on custody credits.

103. Defendants Santa Clara County Public Defender's Office interfere with Plaintiff's rights to legal representation in a criminal case when (1) Petitioner engaged in a protective activity seeking accommodations in the Sixth Appellate District for the ability to communicate with court appointed legal counsel, and the Defendant Public Defender's Office took adverse actions against Plaintiff by unilaterally withdrawing from legal representation which required court permission which was never done and resulted in a total abandonment of Plaintiff's rights.

104. Defendant Santa Clara County Public Defender's Office policy, practices, and custom of the Defendant Public Defender's Office to discriminate a qualified hearing-impaired defendant excluding from participation and denied the benefits of legal representation in criminal case by reason of Plaintiff's disability when the County entity never implemented the ADA regulation put in place by the DOJ to ensure effective communication.

105. Plaintiff would not have suffered the adverse action of being denied plaintiff's 30 days of custody credits that the defendant Public Defender's Office denied Plaintiff legal

representation due to plaintiff's disability.

106. Defendant Santa Clara County District Attorney's took adverse action against Plaintiff's filing for accommodations in the Sixth Appellate District seeking the ability to communicate with court appointed Public Defender's Office when the Defendant Santa Clara District Attorney's Office refused to serve Plaintiff with their requests for extensions of times and opposition to Plaintiff's writ of mandate, which denied Plaintiff federally guaranteed right of access to court.

107. Defendant Santa Clara County District Attorney's Office adverse acts were done in an orchestrated plan by Defendant Santa Clara District Attorney's Office could misrepresent the controlling law to the Sixth Appellate District and prevent Plaintiff from filing a reply to point out that the Ninth Circuit opinion in Duvall vs. County of Kitsap was contrary to the unsupported statements by Deputy District Attorney Kaci Lopez's contention that the Court's providing Plaintiff with the Court's amplification audio system meets the Court obligation for accommodations, which was and is meritless as 28 CFR § 35.160 (b) (2) required the Court to make an inquiry into the party's disability so the party can partake in the court process.

108. Defendant Santa Clara County District Attorney's Office took these acts to interfere with Plaintiff's protective activity seeking legal representation in a criminal case as Plaintiff never had any ability to communicate with court appointed legal counsel which was done to deny Plaintiff adjudication on the merit's accommodation in the Sixth Appellate District.

109. Defendant Santa Clara County Sheriff's Department at all times policy, practices and custom was to restrict access to court of county jail inmates when the Santa Clara County Sheriff's Department refused to provide Plaintiff with the Feb. 7, 2020, letter informing Plaintiff that the Sixth Appellate District requested responsive filing by real parties in interest. This was

done to further block Plaintiff from being able to file any responsive pleadings seeking accommodations.

### FIFTH CAUSE OF ACTION UNDER TITLE 42 U.S.C. § 1983 FOR THE VICARIOUS LIABILITY OF THE STATE SUPERIOR COURT EMPLOYEES AND COUNTY EMPLOYEES OF THEIR DISCRIMINATORY POLICY, PRACTICE AND CUSTOM WHICH DEPRIVED PLAINTIFF OF FEDERALLY PROTECTED RIGHTS TO LEGAL REPRESENTATION IN A CRIMINAL CASE

110. Plaintiff re-alleges all relevant paragraphs.

111. Defendant State of California Superior Court vicarious acts of State Superior Court employees who have on a routine basis here have discriminated against plaintiff a qualified hearing-impaired defendant which denied Plaintiff legal representation in a criminal case in violation of under Section 504 of the Rehabilitation Act.

112. Plaintiff brings this direct suit under both the Rehabilitation Act and Title II of the ADA and under Title 42 U.S.C. § 1983 as the policy, practices and custom shows a complete denial of Plaintiff federally protected rights to legal representation in a criminal case.

113. Defendant Santa Clara County Public Defender's Office, policy, practices and custom is that the Department never implemented any of the Federal Regulations which required the Department do a "Self-evaluation" pursuant to 28 CFR § 35.105 (c) 1, 2,  and 3 as to how the Department was going to represent hearing impaired defendants to comply with 28 CFR § 35.160 (a) (1) with an ability to communicate and created a attorney client relationship.

114. Defendant Santa Clara County Public Defender's Office instead just abandoned Plaintiff and never represented Plaintiff throughout the entire criminal case even after the Judge Brown reappointed the Public Defender's Office on March 6, 2020, to investigate the denial of Accommodations and set a hearing for March 13, 2020, the Public Defender's Office did nothing.

23

115. Defendant Santa Clara County Public Defender's Office was created for this very purpose to ensure that criminal defendant have legal representation in the Santa Clara County Superior Court and here these acts done knowingly in a total disregard of Plaintiff federally protected rights and done to discriminate against a disabled hearing-impaired defendant.

SIXTH CAUSE OF ACTION
FOR PUNITIVE DAMAGES FOR VIOLATIONS
OF PLAINTIFF'S CIVIL RIGHTS BY DEFENDANT
SANTA CLARA COUNTY PUBLIC DEFENDER'S OFFICE
ABANDONMENT OF PLAINTIFF'S RIGHTS OF LEGAL REPRESENTATION
IN THIS CRIMINAL CASE, DENIAL OF ACCESS TO COURT
BY DEFENDANT SANTA CLARA COUNTY DISTRICT ATTORNEY'S OFFICE
AND DEFENDANT STATE SUPERIOR COURT ACTS OF ACTUAL PUNISHMENT
OF DENYING PLAINTIFF'S 30 DAYS OF CUSTODY CREDITS BY 'EX PARTE ORDER'
IN VIOLATION OF CLEARLY ESTABLISHED UNITED SUPREME COURT LAW

116. Plaintiff re-alleges all relevant paragraphs.

117. Defendant Santa Clara County Public Defender's Office, policymakers act in performance of their official duties to provide legal representation of hearing-impaired defendants never authorized any procedures to provide the ability to communicate with clients which was required under Federal Regulations and California Rules of Professional Conduct Rule 1.4 (a) (2) and which violated the 14th Amendment.

118. Defendant Santa Clara County Public Defender's Office conduct was malicious, oppressive, and done in a reckless disregard of Plaintiff's Civil Rights as it denied Plaintiff's rights to legal representation in criminal case even after the Judge Brown reappointed the Public Defender's office to investigate the denial of accommodations of Plaintiff's hearing impairment and Plaintiff's inability to communicate with court appointed legal counsel.

119. Defendant Santa Clara County Public Defender's Office by ill will, or spite, and for the purpose of injuring by denying legal representation in criminal case.

120. Defendant Santa Clara County Public Defender's Office conduct was done in a reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's rights for legal representation in a criminal case.

121. Plaintiff brought this action directly under the ADA and section 504 of the Rehabilitation Act, these Public Entities violated Plaintiff's federal protected rights to legal representation under the 14th Amendment.

122. These acts of defendant Santa Clara County Public Defender's Office discriminatory animus toward Plaintiff because of Plaintiff's disability by refusing to represent Plaintiff in a criminal case when Plaintiff sought accommodations in the Sixth Appellate District and Defendant Public Defender's Office retaliated for seeking Accommodations sent a letter stating the Policy, Practices and Custom that because Plaintiff filed a writ of mandate into the Sixth Appellate District the Public Defender's Office will no longer represent Plaintiff in the criminal case which constitutes retaliations in violations under 42 U.S.C. sections 12203 (a) and (b) and 12132, 12133 and 29 U.S.C. section 794.

123. Defendant Santa Clara County Public Defender's Office continued in their untoward ways throughout this criminal case when on March 6, 2020, when Plaintiff attempted to address the denial of accommodations by the Defendant Superior Court before Judge Brown who then reappointed the "PD" to investigate plaintiff's allegation of denial of accommodations due to Plaintiff's hearing impairment and continued the hearing until March 13, 2020, for the Defendant Public Defender's to investigate.

124. Defendant Santa Clara County Public Defender's Office just continued in its untoward ways in a reckless disregard of Plaintiff's rights under both the ADA and section 504

of the Rehabilitation Act.

125. These acts of Defendant Santa Clara County Public Defender's Office denied Plaintiff legal representation and illegal incarnation in this criminal case, which was done maliciously accompanied by ill will, for the purpose of injuring Plaintiff which caused the loss of Plaintiff's liberty in violation of Plaintiff federal guaranteed rights.

126. The Sixth Appellate District requested that Defendant Santa Clara County District Attorney's Office respond by Feb. 21, 2020, and gave Plaintiff 15 days after service of the opposition to file a reply to Plaintiff's filing of a Writ of Mandate seeking review of the determination of Defendant State Superior Court denial of accommodations.

127. Defendant Santa Clara County District Attorney's Office maliciously, oppressively, and in a reckless disregard of Plaintiff's federal protected rights for access to Court denied Plaintiff's rights to file the reply to Defendant District Attorney's Office opposition to the writ of mandate when the Defendant District Attorney's Office refused to serve Plaintiff.

128. Defendant District Attorney's Office was done in an orchestrated plan to misrepresent the controlling federal court law to the Sixth Appellate District and never served Plaintiff all done to conceal the actual controlling law of the Ninth Circuit decision in Duvall v. County of Kitsap 260 F. 3d 1124 (9th Cir 2001) which would have dispositive for the granting of the writ of mandate.

129. Defendant District Attorney's Office acts were done with a "discriminator animus" fully knowing that Plaintiff was a hearing-impaired defendant and had no legal representation in the criminal case and decided to punish Plaintiff by denying access to court to contest a denial of legal representation seeking accommodations by knowingly misrepresenting the controlling law.

130. Defendant Santa Clara County District Attorney's Office violated Plaintiff's Federal

Constitutional Rights of access to court to file a reply and did so in violation of Plaintiff's protective activity under Title 42 U.S. C. sections 12203 (a) and (b) which is a violation of Title 29 U.S.C. section 504 of the Rehabilitation Act.

131. Plaintiff having no legal representation in this criminal case and no ability to communicate with the Defendant Public Defender's Office filed a pro se motion for 30 days of custody credits on Feb. 26, 2020, that fully vests to Plaintiff in this very case, and which required a hearing under clearly established United States Supreme Court law.

132. Defendant State Superior Court then on March 3, 2020, issued an "Ex Parte Order" denying Plaintiff's the 30 days of custody credits without providing a hearing with legal representation which was without jurisdiction.

133. Defendant State Superior Court had no jurisdiction to deny those custody credits as those credits fully vest under § 2900.5 of the California Penal Code as decided by the California Supreme Court in In Re Rojas 23 Cal 3d 152 (1979).

134. Defendant State Superior Court took those acts done in order to punish Plaintiff for seeking accommodations which are protective activities in violation of 42 U.S.C. sections 12203 (a) and (b) which is enforceable under 29 U.S.C section 504 of Title 29 U.S.C. and under 42 U.S.C. sections 12132 and 12133.

135. Defendant California Superior Court County of Santa Clara County acts held Plaintiff in custody all done with no legal representation in violation of United States Supreme Court's clearly established rule "no attorney no jail in Aversigner v Hamlin 407 U.S. 25 (1972).

136. Defendant State Superior Court acts of the public entity are liable for the vicarious acts of its employees under section 504 of the Rehabilitation Act were as here the Defendant State Superior Court denied accommodations at all time to a hearing-impaired defendant and

proceeded in denial of Plaintiff's Request for Custody Credits by an "Ex Parte Order" when at all times was in excess of the Defendant Superior Court's jurisdiction.

137. Defendant State Superior Court harmed Plaintiff was malicious, and it was accompanied by ill will and it was done for the purpose of injuring plaintiff by incarcerating plaintiff illegally by State of California all done with no jurisdiction.

138. Defendant State Superior Court acts were done to punish Plaintiff for seeking accommodations as Defendant Superior Court shows a *mens rea* of "intentional discrimination" in which a § 504 claim is met by showing a "deliberate indifference" by the Defendant State Superior Court who had knowledge that a harm to a federally protected right would be substantially likely, and a failure to hold a hearing on Plaintiff's 30 days of custody credits would result and that a denial of legal representation at that hearing would result in being held some 30 days over the already imposed sentence would result.

139. Defendant Superior Court acts as documented herein is oppressive as it took advantage of Plaintiff's disability having no ability to communicate with court appointed legal counsel and is actionable under both ADA and Rehabilitation Act as doctrine of respondent superior to claims brought statute does not apply to the Rehabilitation Act as it is entirely consistent with the policy of that statute to eliminate discrimination against hearing-impaired defendants.

140. These acts of defendants Public Entities violate the ADA and the Rehabilitation Act and violate 42 U.S.C. § 1983 which were done in comprehensive a orchestrate scheme to deny Plaintiff his federally protected rights to legal representation throughout this case and on appeal of right the harshness and severity of misuse and abusing the misfortune of plaintiff all done to discriminate against plaintiff a hearing-impaired individual and done to prevent an appeal of

right.

141. Defendant State Superior Court intentionally confined Plaintiff in the Santa Clara County Jail beyond the illegal sentence imposed by denying the 30 days of custody credits which have fully vested by California Statute § 2900.5 of California Penal Code as the Defendant Superior Court had no jurisdiction to deny those credits.

142. Defendants State Superior Court, and the County public entities the Santa Clara County District Attorney's Office and the Santa Clara County Public Defenders and Santa Clara County IDO violated Plaintiff's rights secured by the Constitution or laws of the United States committed these acts deprivation of policy, practices and custom to discriminate against disabled parties in violation of Section 504 of the and Rehabilitation Act pursuant to Title 29 U.S.C. and done in violation of the 14th Amendment to deprive a hearing-impaired defendant of legal representation in a criminal case and on appeal of right.

143. As a result of Defendant State Superior Court illegal acts Plaintiff loss his liberty and suffer economic and noneconomic damages in an amount to be proven at trial.

144. Defendant California Superior Court County of Santa Clara Appellate Panel by hearing an appeal denied Plaintiff of his federal constitutional rights to an appeal as the failure to recuse the appellate panel from hearing an appeal in which the Panel had a direct, personal, substantial, and pecuniary interest in the outcome of the case constituted "structural error" under Williams v Pennsylvania.

145. The policy, practices and custom of the California Judicial System shows repeated violations of Rule 5.5 (a) (1) and (2) which has permitted the unlicensed practice of law by William Safford from Illinois in a systematically in over 110 times to indigent defendants who have no knowledge of these illegal acts under California Law.

146. Plaintiff is entitled to punitive for these very acts of a Defendant Superior Court whose accts were contrary to the rule of law.

147. Defendants State Superior Court, and Public County Entities the District Attorney's Office and the Public Defender's Office "deliberate indifference" has been established as that Plaintiff would be subjected to a denial of legal representation in a criminal case and which resulted in illegal incarceration in violation of clearly established United States Supreme Law "no attorney no jail".

148. Defendant Superior Court and the County of Santa Clara have deprived Plaintiff of legal representation throughout this entire case and done to a hearing-impaired defendant and done to interfere with Plaintiff's request for accommodations and done to prevent any adjudication on the merits of the denial of accommodations.

SEVENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES
AGAINST COUNTY OF SANTA CLARA FOR THE DELIBERATE INDIFFERENCE
TO PROVIDE TREATMENT BY PROVIDING MEDICATION AS ORDERED BY THE
CONSENT DECREE IN CHAVEZ VS. SANTA CLARA COUNTY THAT REQUIRED
IMPLEMENTATION WITHIN 180 DAYS ON MARCH 20, 2019.

149. Plaintiff re-alleges all relevant paragraphs showing defendant Santa Clara County which pose a substantial risk of harm to Plaintiff's for provide timely medication for Plaintiff's to be taken in coordination with food consummation for diabetes as was required by the Consent Decree.

150. Defendant Santa Clara County never implemented these provisions of the Consent Decree as admitted by County Counsel of the Consent Decree in the Chavez case through October 2021.

151. Plaintiff was never provided medication in a timely manner to control Plaintiff's diabetes which resulted in permanent damages to Plaintiff's kidneys which establishes a

deliberate indifference to hearing impaired defendant who at all times was denied the ability to communicate.

152. Plaintiff was at all times was never seen by a medical doctor from January 8, 2020, through mid-March of 2020.

153. Plaintiff was also seriously injured when Santa Clara County Sheriff's Department transported Plaintiff on January 8, 2020, from Placer County in van with no seats and no seat belt restraining system and which Plaintiff was shackled.

154. Plaintiff aggravated a previous injury when the Santa Clara County Sheriff Department van when suddenly braked sharply throwing plaintiff up against the van bulkhead at some 65 miles per hour injuring Plaintiff's left wrist/hand.

155. Defendant Santa Clara County was well aware of these illegal and dangerous transportation of prisoners in vans with no seat belt restrain system as proof of the Andrew Hogan incident in 2018 and has never taken any steps to correct the violations.

156. Plaintiff reported the injury on January 8, 2020, and Santa Clara County refused to treat Plaintiff's medical condition at all times mentioned herein and Plaintiff had to have surgery to have relocation of two nerves on Plaintiff's left wrist/hand in 2020.

157. Plaintiff filed a claim with the Santa Clara County which was denied.

158. Defendant Santa Clara County was well aware of the danger of transportation of inmates in a van in which there are no seat belts restrain system which was done with a deliberate indifference with excess risk to plaintiff's all done with a culpable state of mind by Santa Clara.

159. Plaintiff is entitled to punitive damages against Defendant County of Santa Clara County

160. Defendant Santa Clara County conduct was malicious, and it was accompanied by ill will in a reckless disregard of plaintiff's safety.

161. Defendant County of Santa Clara County knew the danger of operating transportation van without any seatbelt retaining system and just continued in their own toward ways.

Plaintiff prays for the following judgment against Defendants:

WHEREFORE, The Plaintiff seeks judgment against Defendants jointly and severally, and requests that this Court enter an order as follows:

a) Accept jurisdiction of this case and declaring that Defendants have each violated Title II of the ADA.

b) Accept jurisdiction of this case and declare that Defendants have each violated Section 504 of the Rehabilitation Act of 1973 and have intentionally discriminated against Plaintiff in violation of the Rehabilitation Act.

c) Accept jurisdiction of this case and declared that Defendants have each violated Title 42 U.S.C. sections 12203 (a) and (b) when Defendants inferred with Plaintiff's protective rights to seek accommodations which violated the Title 29 U.S.C. section 504 by denying legal representation in a criminal case and on appeal.

d) To require Defendants established policy and procedures for ensuring hearing impaired defendants in custody will have effective communication with Court system's services for legal representation in a criminal case, which Defendants have refused to implement the settlement agreement with the United States of America.

e) Accept jurisdiction of this case under Title 42 U.S.C. § 1983 and apply that the public entities are liable for the vicarious acts of its employees under § 504 of the Rehabilitation Act

32

(upon which the ADA was explicitly modeled) as the doctrine of *respondent superior* to claims brought directly under the statute as the custom and practice of Defendants are not to accommodate hearing-impaired individuals and deny any all accommodations including the ability for legal representation in violation of Plaintiff's Constitutional Rights.

f)  A sum which will fully compensate Plaintiff for his non-economic damages in sum that is just determined by a jury.

g) A sum which will fully compensate Plaintiff for his economic damages in sum that is just as determined by a jury.

h) For punitive damages against all Defendants for punitive damages for Defendants conduct that malicious accompanied by ill will and done for purpose on injuring Plaintiff by taking advantage of Plaintiff's disability by violating Plaintiff's Federal protected rights to legal representation in a criminal case which included legal representation on an appeal of right as determined by a jury

i) For punitive under the Eight Amendment against Defendant Santa Clara County for the substantial risk of harm to Plaintiff medical condition for failure to comply with the Consent Decree in Chavez vs. Santa Clara County subsection "d" for providing diabetic management protocol.

j) Plaintiff's cost and disbursement incurred herein.

k) Plaintiff's attorney fees; and

l) For such other and further relief as the Court may deem just and equitable.

Plaintiff Demands a trial by jury.

Dated  1/12/24          _____

Howard R. Herships

33

Plaintiff's Fourth Amended Complaint