HOWARD R. HERSHIPS
P.O. BOX 1501
CARMICHAEL, Ca 95609-1501
415 933 5190
E MAIL: HHERSHIPS@GMAIL.COM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOWARD R, HERSHIPS,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA ET AL,<br><br>Defendants. | No. 20-CV-07208 JD<br><br>PLAINTIFF'S MOTION FOR ADMINISTRATIVE ENFORCEMENT OF GENERAL ORDER No. 56 AGAINST DEFENDANTS SUPERIOR COURT OF CALIFORNIA AND COUNTY OF SANTA CLARA AND FOR REIMBURSEMENT OF PLAINTIFF'S COSTS IN ATTENDING AN IN-PERSON SETTLEMENT DISCUSSION IN WHICH DEFENDANTS REFUSED TO DISCUSSION SETTLEMENT AND DENIED LIABILITY PURSUANT TO LOCAL RULE 7-11OF THIS COURT |

Pursuant to Local Rule 7-11 Plaintiff Howard R. Herships files this motion for enforcement of General Order No. 56 and this Court's Order requiring defendant California Superior Court County of Santa Clara and Defendant County of Santa Clara.

The undisputed facts of this case shows that Defendant Superior Court of California County of Santa Clara was under a settlement agreement with the DOJ requiring the Defendant Court to comply with the Americans with Disability Act 42 U.S.C.§§ 12131-12134.

The Agreement required **"[T]he Court will develop a written policy for provision of auxiliary aids or services when necessary to ensure effective communication in the Court**

1

system's programs, services and activities". See Exhibit 1 at pages 1-3 at ¶ 5.

The DOJ settlement Agreement also required the Defendant Court to hold training sessions based upon the written policy of the Court with Judges and staff see ¶ 7 of Ex 1.

Defendant County knew that Plaintiff was hearing-impaired as the County retained Plaintiff's Hearing aids on January 8, 2020, and never filed out the form to inform the Court, see Exhibit 2.

Plaintiff made a Court appearance on Jan. 17, 2020, requesting accommodations which the Judge acknowledge and never made an inquiry into Plaintiff's disability see Exhibit 3.

The only accommodations provided was the Court's Amplification System which did not allow Plaintiff any communication with the Public Defender's Office, which denied Plaintiff the right consult with legal counsel which denied Plaintiff a hearing on the purported probation violation required by Mempa v. Rhay 389 U S 128 (1967).

**The Court then proceeded to sentence Plaintiff to sixth months in the County jail without ever having any ability to communicate with appointed attorney due to Plaintiff's disability which defendants were on notice of see Exhibit 2 pages 4-8.**

**Herships after being sentenced and with no ability to communicate with the Public Defender's Office who filed a writ of mandate into the Sixth Appellate District seeking review of denial of accommodations on January 29, 2020, from custody and on Feb. 7, 2020, the Sixth Appellate District required that real parties in interest respond by Feb. 21, 2020, see Exhibit 4 at pages 18.[1]**

**Herships then filed a Pro Per Motion pursuant to 28 CFR § 35.173 on Feb. 24, 2020.**

---

[1] The District Attorney's Office admitted in their response to Writ of Mandate that whole process took **"ten minutes"** from appointment to sentencing all done without any ability to communicate a denial of legal representation under the Geders v United States 425 U.S. 25 (1976) and Betschart v Oregon (9th May 31, 2024) see Ex 4 at page 28 holding that the Court's Amplification System some how permitted Herships to communicate confidentially with court appointed legal counsel.

2

seeking Voluntary Compliance Agreements seeking to obtain legal representation See Exhibit 5 pages 29-40, which the Superior Court received on 2/21.20 and just ignored.

Herships then filed a Pro Per Motion for Requesting a hearing for 30 days of custody credits onto Defendant Superior Court on Feb. 25, 2020, see Exhibit 6.

Defendant Superior Court on March 3, 2020, issued an Ex Parte Order denying those credits, see Exhibit 7 pages 46-47 all done with no legal representation.

Herships then made a Court appearance on March 6, 2020, before a different Judge (Judge Brown) and for the very first time County had finally released my hearing aids Plaintiff had the opportunity to communicate with the Court and asserted that that Herships was denied accommodations. See Exhibit 8.[2]

Judge Brown reappointed the Public Defender's Office and ordered the Public Defender's Office investigate the denial of accommodations and continued the case until March 13, 2020, see Exhibit 8 reporters' transcript of March 6, 2020.

Defendant Superior Court hearing of March 13, 2020, once again there was a complete absent of any legal representation for a hearing-impaired defendant, see Exhibit 9.

Nor did these violations of the ADA even stop here as Herships had to file his notice of appeal as the Public Defenders Office caused to be sent to Herships in custody that the Public Defender's Office asserted because Herships filed a Writ of Mandate into the Sixth Appellate District Court the Public Defender's Office was unilaterally withdrawing from all representation in the criminal case see Exhibits 10 and 11.[3]

---

[2] While the County finally granted Herships grievance and released Herships hearing aids the County refused to permit Herships any ability to service Herships' hearing aids to obtain a new domes and wax filters which was necessary for the functioning of the hearing aids as the County jail would not allow Herships to contact the VA for the supplies to be provided.

[3] The Public Defender's Office letter of Feb. 4, 2020, confirms that the Santa Clara County Public Defenders Office never had any intentions of represent defendant herships in any of these proceeding and just abandoned a hearing-impaired defendant with no means to communicate as the Public Defender's Office has no ADA Coordinator or grievance procedure required by Federal Regulation.

Herships filed a motion to disqualify the Appellate Panel based upon having an Appellate Panel hear an appeal which placed the reviewing court to hear an appeal based upon the Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813 (1986) under the principles that a reviewing court cannot hear their own case. See Exhibit 12.

The Appellate Panel ordered the Herships' motion stricken see Exhibit 13.

The issues before the Appellate Panel on appeal were framed by the July 20, 2022, Letter brief by William Safford that the trial judge did not have to inquire into Herships' disability and deny all ability to communicate with court appointed legal counsel and could deny Herships' custody credits by Ex Parte Order see Exhibit 14-16.

Defendants Superior Court and the County of Santa Clara at all times deny liability in this Title II case and as such under ¶ 4 which states In a Title II action, defendant shall disclose all information in defendant's possession or control regarding programmatic compliance, a transition plan, or a self-evaluation plan if defendant intends to dispute liability on that basis.

Defendants have refused to comply with General Order 56 at ¶ 4 of just what steps defendants took in complying the DOJ' settlement agreement as defendant deny liability to these ADA/Rehabilitation Act violations which required effective communication so that Herships could have legal representation in this criminal case. Exhibit 17.

In fact, the policy of the Superior Court and County as stated in the Appellate Panel's Opinion held that the violations of ADA/Rehabilitation Act presented in this Appeal are not 'issue[s] of broad public interest that [are] likely to recur' and so do not address them" see Exhibit 18 page 11 lines 26-28.

The Appellate Panel's Opinion proceeded to assert that "neither party raises any concern that Herships was not properly released at the conclusion of that sentence.

Accordingly, we conclude Herships is entitled to at lease 30 days custody credit from confinement." Holding this conduct was acceptable see Exhibit 18 page 110 lines 25-27.

However, the Appellate Panel's Opinion also stated Herships filed a Pro Per Motion to 30 days of custody on Feb. 26, 2020, which the Defendant Court issued an Ex Parte Order denying and which according the California Supreme Court law in People v Lara 54 Cal 4th 896 at 903 (2012) required a hearing with legal representation and the Court denied without any authority and is discriminatory animus by a court against a disabled party, see Exhibit 18 page 109 lines 13-25 and see Exhibit 7 pages 46-47.

The Court appearances of March 6, and March 13, 2020, never corrected these serious violations of the ADA as the Defendant Court continued in its untoward ways.

Defendants here have not acted in good faith this case and refuse to provide the documents and enter settlement discussion.

Defendants requested that Plaintiff sign Request for Mediation asserting that in this Title II case defendants do not have to comply with ¶ 4 "In a Title II action, defendant shall disclose all information in defendant's possession or control regarding programmatic compliance, a transition plan, or a self-evaluation plan if defendant intends to dispute liability on that basis."

Plaintiff also request cost of attending the In Person settlement discussion in which defendants assert that they have no liability and refuses to discuss the violations of the ADA and the Rehabilitation Act.

Plaintiff asserts that Defendants must comply with Paragraph 4 of General Order 56 before this case can proceed with a Mediation as defendants' conduct has proceeded in Bar Faith and never had any intentions of to discuss settlement in good faith.

Dated July 30, 2024

Howard R. Herships

5