UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>       Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA SUPERIOR COURT, et al.,<br><br>       Defendants. | Case No.  3:20-cv-07208-JD<br><br>**ORDER RE DISMISSAL** |

In January 2020, pro se plaintiff Howard Herships was booked into the Santa Clara County Jail for a probation violation, and his hearing aids were taken from him. Without hearing aids, Herships says that he could not participate in court appearances or communicate with his counsel. Herships sued the Santa Clara County Superior Court (Superior Court) and Santa Clara County (County), specifically the County District Attorney's Office and the Public Defender's Office, on disability-related claims. Dkt. No. 72.

Herships was sentenced to six months in county jail for the probation violation. Judge Takaichi of the Santa Clara County Superior Court awarded Herships 32 days of custody credit, Dkt. No. 20-2 at ECF p. 28, but denied Herships' request for an additional 30 days of credit for time served in custody during his original sentence, Dkt. No. 20-3 at ECF pp. 29-30.

Herships filed a petition for a writ of mandate, requesting immediate release from custody. Dkt. No. 72 ¶ 26. Judge Lie and Judge Saban of the Superior Court Appellate Division appointed attorney William Safford as counsel. Dkt. No. 74-1 at ECF pp. 11-12. The Appellate Division concluded that the trial court had erred in denying Herships custody credits. *Id.* at ECF pp. 14-20. Herships' requests for further review in the California Court of Appeal and the California Supreme

Court were denied. *Id.* at ECF p. 22. Herships was released on March 26, 2020, due to the COVID-19 pandemic.[1] Dkt. No. 75-3.

These events were the source of a panoply of claims here. Herships raises the state court's denial of 30 days of custody credits, Dkt. No. 72 ¶ 41, and the denial of accommodations for his hearing disability, *id.* ¶ 54. He says that he was not given diabetes medication in a timely manner while in jail, *id.* ¶ 151, and that he suffered a hand injury while being transported to jail, *id.* ¶ 154. He alleges that his attorney, William Safford, was not properly licensed, and that the Superior Court and the County denied Herships' right to counsel by permitting Safford's representation. *Id.* ¶¶ 44-47.[2] Herships seeks to allege claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA); Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*; 42 U.S.C. § 12203; 42 U.S.C. § 1983; and the Fourteenth Amendment. Dkt. No. 72. He also alleges a claim against the County for its failure to adhere to a consent decree in *Chavez v. County of Santa Clara*, No. 15-cv-05277-RMI (N.D. Cal.). *Id.*

Herships' initial complaint was dismissed pursuant to 28 U.S.C. § 1915, and his request for a temporary restraining order was denied. Dkt. Nos. 17, 23. Herships has amended his complaint several times. *See* Dkt. No. 14 (First Amended Complaint); Dkt. No. 20 (Second); Dkt. No. 24 (Third); Dkt. No. 72 (Fourth). Defendant Superior Court asks to dismiss the operative complaint, Dkt. No. 72 (Fourth Amended Complaint, or 4AC), in its entirety under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 74. Santa Clara County asks to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 73.

The parties' familiarity with the record is assumed. The ADA and Rehabilitation Act claims will go forward against both the Superior Court and the County. The retaliation claims

---

[1] The Court takes judicial notice of several orders from the state court proceedings. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (citation omitted) (internal quotation marks omitted) (holding that courts may take judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

[2] Herships' claims about attorney Safford evidence a misunderstanding of the rules governing attorney appearances. Nothing in the record indicates that Safford improperly practiced law in California.

United States District Court
Northern District of California

against the Superior Court and the County, the Section 1983 claims against the Superior Court and the County, the Fourteenth Amendment claims against the Superior Court and the County, and the claim to enforce the consent decree in *Chavez*, are dismissed with prejudice.

## DISCUSSION

### I. *ROOKER-FELDMAN* AND JUDICIAL IMMUNITY

The Superior Court contends that both the *Rooker-Feldman* doctrine and judicial immunity should limit Herships' claims here. The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). This extends to "de facto appeal[s]" from state court rulings which, "asserting as legal wrongs the allegedly erroneous legal rulings of the state court . . . seek[] to vacate or set aside the judgment of [the state] court." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003).

*Rooker-Feldman* forecloses Herships' claims challenging the state court's decisions, namely the denial of an additional 30 days in custody credits. Dkt. No. 72 ¶¶ 67-69. Herships' request for damages associated with Judge Takaichi's denial of custody credits has already been litigated and decided by California state courts, *see* Dkt. No. 75-5, and *Rooker-Feldman* bars further consideration here.

Judicial immunity also insulates the Superior Court from Herships' claims for damages based on any judicial acts. *See Lund v. Cowan*, 5 F.4th 964, 970-72 (9th Cir. 2021). Judge Takaichi's denial of the 30-day custody credit, and the Appellate Division's appointment of attorney Safford, are acts taken "within a judge's lawful jurisdiction" and entitled to immunity. *Lund*, 5 F.4th at 971.

### II. OTHER CLAIMS

The Title II claim, brought under the ADA, may proceed against the Superior Court and the County. *See Tennessee v. Lane*, 541 U.S. 509, 517-34 (2004) (Eleventh Amendment does not bar Title II claims regarding access to state courts). To plead a Title II claim, Herships must allege that "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from

1    participation in or denied the benefits of a public entity's services, programs or activities, or was
2    otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or
3    discrimination was by reason of his disability." *Weinreich v. Los Angeles Cnty. Metro. Transp.*
4    *Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (emphasis removed) (quoting *Does 1-5 v. Chandler*, 83
5    F.3d 1150, 1154-55 (9th Cir. 1996)).  The 4AC alleges that Herships, because of his hearing
6    disability and the courtroom's nonfunctioning sound system, was unable to communicate with
7    court-appointed legal counsel.  Dkt. No. 72 ¶¶ 58-60.  This is enough to go forward.  The
8    Rehabilitation Act claim may also go forward with respect to both defendants, as "[t]here is no
9    significant difference in analysis of the rights and obligations created by the ADA and the
10   Rehabilitation Act." *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999);
11   *see also Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 820 (9th Cir. 2001), *amended*,
12   271 F.3d 910 (9th Cir. 2001).

13         The retaliation claim is dismissed.  To establish a prima facie case of retaliation under the
14   ADA, Herships must allege that (1) he engaged in a protected activity; (2) he suffered an adverse
15   action; and (3) there was a causal link between the two.  *See Pardi v. Kaiser Found. Hosps.*, 389
16   F.3d 840, 849 (9th Cir. 2004); 42 U.S.C. § 12203.  Herships has not made out a prima facie case
17   of retaliation by either defendant.  He focuses on the denial of the 30-day custody credit and the
18   County Public Defender's unilateral withdrawal of representation.  Dkt. No. 72 ¶¶ 102, 103.  The
19   denial of the custody credit is entitled to judicial immunity and may not be the subject of a
20   retaliation claim.  *See Lund*, 5 F.4th at 970-72.  For the withdrawal of counsel, Herships has not
21   alleged any causal relationship between his ADA-protected activity and his counsel's withdrawal.
22   In fact, an exhibit attached to Herships' initial compliant indicates that he requested his counsel's
23   withdrawal.  Dkt. No. 1 at ECF p. 41.  Herships' remaining theories, including that the County
24   failed to serve Herships with copies of various filings, Dkt. No. 72 ¶ 106, also do not give rise to a
25   retaliation claim, as Herships has not alleged injury from those actions, or any causal connection
26   to protected acts.

27         The Section 1983 claims are dismissed for the Superior Court and the County.  As an arm
28   of the state, the Superior Court has sovereign immunity from suits brought under Section 1983.

4

*Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). For the Section 1983 claim against the County, Herships says he was denied his constitutional "rights to legal representation in a criminal case," Dkt. No. 72 ¶ 112, but he has not identified any policy, custom, or practice on the part of the County that led to the constitutional violations asserted in the complaint. This falls short of the requirements of *Monell*. *See Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978); *San Francisco Intern. Art Festival v. Breed*, No. 20-CV-07314-JD, 2022 WL 658971, at *2 (N.D. Cal. Mar. 4, 2022). "[A] policy or practice requires more than a few occurrences of challenged conduct. A single or even a few isolated and sporadic incidents of unconstitutional conduct are not enough to impose municipal liability under Section 1983." *Escobar-Lopez v. City of Daly City*, 527 F. Supp. 3d 1123, 1128 (N.D. Cal. 2021) (citing *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014)). The 4AC did not allege anything other than one event involving Herships.

The stand-alone claim under the Fourteenth Amendment essentially just repeats the other claims in the complaint. It is dismissed.

For the *Chavez* consent decree, Herships does not have standing to enforce it. He sought to intervene in *Chavez* and was denied because his "interests are adequately represented by" class counsel. *See Chavez v. Cnty. of Santa Clara*, No. 3:15-cv-05277-RMI (N.D. Cal. Sept. 1, 2021) (Dkt. No. 119). Herships may talk with counsel for the class about his concerns. It bears mention that the consent decree states: "Neither the fact of this Consent Decree nor any statement of claims contained herein shall be used in any other case, claim, or administrative proceedings." *Chavez*, No. 3:15-cv-05277-RMI (N.D. Cal. Mar. 22, 2019) (Dkt. No. 109).

**CONCLUSION**

As the current 4AC indicates, Herships has had many opportunities to present his claims. Further amendment is not warranted. *See Cobai v. United States*, No. 23-CV-01631-JD, 2024 WL 2788424, at *1 (N.D. Cal. May 29, 2024).

**IT IS SO ORDERED.**

Dated:  September 13, 2024

JAMES DONATO
United States District Judge